52 F.3d 337
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Everett HOUCK, Plaintiff-Appellant,
v.
DEPARTMENT OF EDUCATION, Defendant-Appellee.
 No. 95-6028.
(D.C. No. CIV-94-296-L)
 United States Court of Appeals, Tenth Circuit.
 April 7, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 
 1
 Plaintiff Everett Houck, appearing pro se, appeals the district court's dismissal of his complaint which sought relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1336(b), 2671. We have jurisdiction pursuant to 28 U.S.C. 1291.
 
 
 2
 On March 2, 1994, Plaintiff sued the United States Department of Education ("DOE") pursuant to the FTCA. In his complaint, Plaintiff claimed that the DOE was negligent in its debt collection practices when it improperly attempted to collect on a student loan which he had repaid. On November 22, 1994, the DOE filed a motion for summary judgment alleging that Plaintiff had failed to meet the jurisdictional prerequisite of filing a damage claim with the DOE. See Farha v. FDIC, 963 F.2d 283, 289 (10th Cir.1992) (filing requirement under FTCA is jurisdictional and cannot be waived). The district court subsequently granted Defendant's motion and dismissed Plaintiff's action for want of jurisdiction. This appeal followed.
 
 
 3
 We have reviewed the record and the briefs of the parties. We affirm for substantially the same reasons as set forth in the district court's December 30, 1994 order.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument